UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMIEN BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24 CV 747 CDP |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On April 11, 2024, defendant Navy Federal Credit Union began foreclosure proceedings on residential property located in O'Fallon, Missouri, that plaintiff purchased in 2021. On April 24, plaintiff filed this action, pro se, alleging that Navy Federal 1) breached its fiduciary duty under 15 U.S.C. § 1692g by failing to prove to plaintiff "that any lawful money was given to purchase property"; 2) is "missing assignment of mortgage" in that it has not "shown proof of Promissory Note signed by Plaintiff with wet ink signature and Mortgage attached"; and 3) engaged in fraudulent misrepresentation in that it failed to give Plaintiff "full disclosure of its intent to monetize the Promissory Note," fraudulently created the Deed of Trust, and failed to issue plaintiff a deposit receipt pursuant to 12 U.S.C. § 1813 when it deposited the Promissory Note into its account. Navy Federal moves to dismiss the complaint. Plaintiff has not responded to the motion, and the time to

do so has passed. Because plaintiff's complaint fails to state a claim for relief, I will grant the motion to dismiss.

Navy Federal first moves to dismiss under Federal Rule of Civil Procedure 10(a) because plaintiff did not use his actual name in filing the complaint. Plaintiff filed the complaint using the name "Damien Bey." Navy Federal avers that plaintiff's name is actually Damien Blake, as evidenced by the signed Deed of Trust attached to plaintiff's complaint and the name under which he filed a bankruptcy petition on his Navy Federal debt. *See In re Damien Ulysses Blake*, No. 24-41544 (Bankr. E.D. Mo. Apr. 29, 2024). Other than arguing that plaintiff's chosen pseudonym of "Bey" evokes the "sovereign citizen" movement whose pleadings are routinely dismissed as frivolous, Navy Federal does not provide any authority for dismissing a complaint at the outset for failure to comply with Rule 10(a)'s directive that the title of the complaint "name all the parties," and I am aware of no such authority. I will deny Navy Federal's motion to dismiss to the extent it seeks dismissal under Rule 10(a).

Navy Federal also asserts that judicial estoppel bars plaintiff's claims given that he proffers a position in this case that is inconsistent with the position he took in his bankruptcy petition – namely, he claims here that the Deet of Trust and Navy Federal's attempt to enforce the Promissory Note are fraudulent, while he admits in his bankruptcy petition that he is indebted to Navy Federal for the purchase of the

property at issue.  Significant to a judicial estoppel determination is whether "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations and thus poses little threat to judicial integrity." *Id.* at 750-51 (internal quotation marks and citations omitted).  Here, although it appears that plaintiff takes inconsistent positions in different proceedings, he has not obtained success in any proceeding thus far; indeed, his bankruptcy case was dismissed for his failure to file required schedules and forms.  *In re Damien Ulysses Blake*, No. 24-41544 (ECF 17, Order of Dismissal, May 29, 2024).  Given those circumstances, there is no risk to inconsistent court determinations and little threat to judicial integrity.  I will deny Navy Federal's motion to dismiss to the extent it invokes judicial estoppel as a basis for dismissal.

Navy Federal also moves to dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  I have

---

[1] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  More than labels and conclusions are required.  *Id.*

thoroughly reviewed the several arguments Navy Federal raises in support of 12(b)(6) dismissal – all of which are supported by sound legal authority – and find them all to be well taken.  Therefore, for the reasons stated in Navy Federal's motion to dismiss, I will dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a claim.[2]

An award of attorney's fees as requested by Navy Federal is not warranted in the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Navy Federal Credit Union's Motion to Dismiss [9] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A separate Order of Dismissal is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2024.

---

[2] Under Fed. R. Civ. P. 52(a)(3), I am not required to state findings or conclusions when ruling a motion filed under Rule 12.